UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

**KAREN RUSSELL**,

        **Plaintiff**,

v.

**CATHOLIC HEALTHCARE
PARTNERS EMPLOYEE LONG
TERM DISABILITY PLAN, et al.,**

        **Defendant**.

Case No.1:13-cv-324
Weber, District Judge
Wehrman, Magistrate Judge

**REPORT AND RECOMMENDATION**

Pending is plaintiff Karen Russell's motion to remand this action to state court. Doc. 9. After examining the record and applicable law, I recommend that the motion be granted.[1]

### I. Factual and Procedural History

In March 2011, plaintiff, who was formerly employed as a nurse for Catholic Healthcare Partners, filed an action in this Court against Catholic Healthcare Partners Employee Long Term Disability Plan ("the Plan") and UNUM Life Insurance Company of America ("Unum") seeking to restore long term disability benefits pursuant to ERISA. Case 1:11-cv-188-HJW-JGW ("the ERISA case"). In February 2013, the presiding district judge dismissed the ERISA case because it was time-barred and because the judge found the administrative decision to discontinue benefits to plaintiff was neither arbitrary nor capricious. Doc. 39 in 11-188. In March 2013 plaintiff moved to set aside that judgment, claiming for the first time that the disability plan in question was actually not covered by ERISA. Doc. 41 in 11-188.

---

[1] A report and recommendation is necessary because the Sixth Circuit has held that a motion to remand is dispositive and accordingly can only be finally resolved by a district judge. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

While briefing on plaintiff's motion to set aside the judgment in the ERISA case was ongoing, plaintiff filed an action in the Clermont County, Ohio Court of Common Pleas against the Plan, Unum and Catholic Healthcare Partners. Doc. 1-1, p.3. Plaintiff's state court complaint contained five causes of action. The first cause of action contended that "[d]efendants' termination of plaintiff's long term disability benefits constitutes a breach of plaintiff's contractual rights under the plan." *Id.* at p.7. The second cause of action alleged that Unum, as fiduciary of the Plan, breached its fiduciary duties by serving as both fiduciary of the Plan and the provider of the funding for long term disability benefits to claimants. *Id.* at p.8. The third cause of action claimed that all defendants breached their duty to act in good faith in handling plaintiff's claims for benefits. *Id.* The fourth cause of action contended that defendants erred by deducting plaintiff's Social Security Disability Insurance Benefits from the amount plaintiff was due under the plan. *Id.* The final cause of action contended that Catholic Healthcare Partners "is liable to plaintiff under the theories of breach of contract and promissory estoppel by failing to provide plaintiff with long term disability benefits to which she is entitled as an employee of defendant and by failing to act in a manner consistent with defendant's stated core values and principles in carrying out its contractual obligations to plaintiff." *Id.* at p. 9.

On May 14, 2013 defendants collectively removed the state court action to this Court. Case 13-324, Doc. 1. On June 11, plaintiff filed the pending motion to remand. Doc. 9. Briefing on the motion to remand concluded in July 2013. In August 2013, meanwhile, the presiding district judge denied plaintiff's motion to set aside the judgment in the ERISA case. Case 11-188, p. 50.

**II. Analysis**

**A. Standard of Review**

The removal was predicated on this Court's diversity jurisdiction alone. Diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

It is undisputed that plaintiff is a citizen of Ohio and Unum is a Maine corporation. The parties have not directly disputed that both Catholic Healthcare Partners (also sometimes referred to as Catholic Health Partners) and the Plan are each deemed citizens of Ohio. Normally, the fact that plaintiff and two named defendants share citizenship of the same state would destroy the Court's diversity jurisdiction. *See, e.g., Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F.Supp.2d 590, 593 (E.D.Ky. 2011) ("For this Court to have diversity jurisdiction under 28 U.S.C. §1332, there must be *complete* diversity–no defendant may have the same citizenship as the plaintiff."). However, defendants contend that the Court has diversity jurisdiction because Catholic Healthcare Partners and the Plan were fraudulently joined parties.[2]

If a non-diverse party is named as a defendant, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc.*, 176 F.3d at 907 (quotation marks and citation omitted). Applying the fraudulent joinder doctrine means that "federal courts may sever the non-diverse defendant from the case if the claim against him is so frivolous that its only conceivable purpose is to destroy diversity and

---

[2] The parties' briefs do not address the law of the case doctrine, collateral estoppel or similar principles.

prevent removal." *Murriel-Don Coal Co.*, 790 F.Supp.2d at 592.[3]  If the Court concludes that "the claim is so frivolous that it has no hope of success, the court presumes that the plaintiff made the claim for the sole purpose of preventing removal and retains jurisdiction." *Id.* at 793.

To determine if the claims against the non-diverse defendants are frivolous, "the inquiry is whether [plaintiff] had at least a colorable cause of action against [defendants] in [Ohio] state courts." *Jerome-Duncan, Inc.*, 176 F.3d at 907.  In other words, the question is whether there is a "arguably a reasonable basis" for liability against the defendants in question under state law, *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted), or, stated differently, whether plaintiff's claims against Catholic Healthcare Partners or the Plan contain even a "glimmer of hope." *Murriel-Don Coal Co., Inc.*, 790 F.Supp.2d at 597 (quotation marks and citation omitted).  To resolve that question, the Court must look to Ohio state law. *Jerome-Duncan, Inc.*, 176 F.3d at 907.  Removal statues are strictly construed and defendants, as the removing parties, bear the burden of proving fraudulent joinder. *Alexander*, 13 F.3d at 949. Disputed questions of fact and ambiguities in controlling state law are resolved in favor of the nonremoving party. *Id.* (quotation marks and citation omitted).

**B. Plaintiff's Claims Against the Plan Contain At Least a "Glimmer of Hope"**

Plaintiff contends Ohio Revised Code (ORC) §5808.07(A)[4] imposed a duty upon the Plan

---

[3]The doctrine of fraudulent joinder has been criticized as making "little sense" because it "requires federal courts to exercise jurisdiction where none exists over questions of state law that the state courts are better suited to address themselves." *Murriel-Don Coal Co., Inc.*, 790 F.Supp.2d at 597.  However, "altering the fraudulent-joinder doctrine is a decision . . . above this Court's pay grade" and since "[f]raudulent joinder is still the law of this Circuit . . . this Court will faithfully apply it." *Id.*

[4]That statutory subsection provides:
    (A) A trustee may delegate duties and powers that a prudent trustee having

to exercise "reasonable care, skill and caution" when selecting an agent/fiduciary to administer claims under the Plan. Plaintiff contends the Plan breached that duty by delegating administration of the Plan to Unum because Unum purportedly has an "inherent conflict of interest as the claims administrator and also the party responsible for paying the claims . . . ." Doc. 9, p.4. Defendants contend plaintiff's reliance on ORC §5808.07 is improper, as evidenced by the fact that plaintiff has not cited "any case applying Section 5808.07 in this situation (i.e. the delegation of claims administration by a group plan) specifically or in the group insurance context generally." Doc. 10, p.3.

Defendants are correct in that neither party has cited to precedent–nor has the Court independently located such precedent-- wherein Ohio courts have addressed a claim such as plaintiff's. However, closer examination of ORC §5808.07 leads to the conclusion that plaintiff's claims contain at least a "glimmer of hope."

Section (C) of ORC §5808.07 provides in relevant part that "[a] trustee who complies with division (A) of this section [permitting a trustee to, with the exercise of reasonable care, delegate its duties] is not liable to the beneficiaries of the trust or to the trust for the decisions or actions of the agent, cotrustee, or other fiduciary to whom the function was delegated." In other

---

comparable skills could properly delegate under the circumstances. In accordance with this division, a trustee shall exercise reasonable care, skill, and caution in doing all of the following:
(1) Selecting an agent, cotrustee, or other fiduciary to whom the delegation is made;
(2) Establishing the scope and terms of the delegation consistent with the purposes and terms of the trust;
(3) Periodically reviewing the agent's, cotrustee's, or other fiduciary's actions in order to monitor the agent's, cotrustee's, or other fiduciary's performance and compliance with the terms of the delegation.

words, a trustee who delegates his or her duties using reasonable care is not liable to a trust's beneficiaries for actions taken by the trustee's agent. Implicit in that language is the idea that a trustee who fails to exercise reasonable care in delegating his or her duties may be liable for the actions of the trustee's agent. For example, Ohio law surely would not permit the Plan to knowingly choose a plan administrator/agent who was obviously incompetent, corrupt or biased. Yet if the Court adopts defendants' argument, the Plan (and any other similarly situated trustee) would be completely immunized from liability for the acts of the agent, no matter who the agent is, how the agent was chosen or what potentially egregious acts the agent committed. Ohio law surely would not countenance such an absurd result, which would completely defeat the requirement under ORC §5808.07(A) that a trustee must "exercise reasonable care, skill and caution" in selecting an agent.

In addition, ORC §5808.07(A)(3) requires a trustee to "[p]eriodically review[] the agent's, cotrustee's, or other fiduciary's actions in order to monitor . . . performance and compliance with the terms of the delegation." Plaintiff contends that the Plan failed to meet that obligation. As with the previously discussed claim, there is apparently no precedent expressly permitting or forbidding a claim against a trustee for failing to monitor its agent's actions. However, since the trustee is statutorily required to "exercise reasonable care, skill and caution" when periodically reviewing its agent's actions, logic dictates that a trustee who fails to use reasonable care to monitor its agent's actions could face potential liability. Accordingly, bearing in mind that any disputed facts and any ambiguities in Ohio law must be construed in favor of plaintiff, the Court concludes that plaintiff has colorable claims against the Plan under ORC

§5808.07(A).[5]

Because plaintiff's claims against the Plan have a "glimmer of hope," the Court's diversity jurisdiction is destroyed because the plaintiff and the Plan are both citizens of Ohio, regardless of whether plaintiff's claims against Catholic Healthcare Partners are viable under Ohio law. However, the Court briefly notes that, though the case is factually distinguishable, the Ohio Court of Appeals did hold in *Betz v. Penske Truck Leasing Co., L.P.,* 2012 WL 3133089 (OhioCt.App. Aug. 2, 2012), that if ERISA is not at issue a plaintiff may sue an employer under a breach of contract theory for benefits allegedly due the employee under an insurance plan, despite the fact that the employer delegated administration of the plan to another entity. In relevant part, the Ohio Court of Appeals held that "[o]nce ERISA pre-emption is removed from the equation, there is no reason why Betz cannot proceed on her state law breach of contract claims against [the employer]." *Id.* at *7.

### III. Recommendation

For the foregoing reasons, **IT IS RECOMMENDED**:

Plaintiff's motion to remand [Doc. 9] should be **granted**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not

---

[5]The Court expresses no opinion as to the ultimate likelihood of success for any of plaintiff's claims because that issue is not properly before the Court. Rather, at this stage the Court is tasked only with determining whether plaintiff's claims are obviously and unmistakably doomed under Ohio law.

"specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

    This the 13th day of September, 2013.        s/ J. Gregory Wehrman
                                                                               J. Gregory Wehrman
                                                                          United States Magistrate Judge